Kilby Bank, Petitioners, &c.

---

## JOEL STONE Junior *versus* JOEL KNIGHT.

If the owner of land under lease, after receiving the rent in advance, sell the land
before the expiration of the period for which the rent was advanced, the purchaser
cannot maintain assumpsit against him for such rent, as money had and received to
the use of the purchaser, even if, by the contract of sale, the purchaser is entitled
to the rent so received.

ASSUMPSIT for the rent of certain buildings in Lowell, received by the defendant. The writ was dated the 6th of September, 1836.

At the trial, before *Wilde* J., the plaintiff introduced in evidence a bond dated the 23d of April, 1835, given by the defendant to the plaintiff and Charles Bradburn, by which the defendant bound himself to execute and deliver to the obligees on or before the 1st of June, 1835, a quitclaim deed of all his right and title to the land and buildings in question ; also a quitclaim deed, dated the 25th of May, 1835, made by the defendant in pursuance of such bond, whereby he conveyed to the obligees the land and buildings, " subject to a lease from the said Knight (the defendant) to James Patterson, for the term of three years from the first day of April last, (1835,) in which lease the said Knight assigns all his right, title and interest to the said Stone and Bradburn "; also the lease thus specified ; also a receipt dated the 1st of April, 1835, and signed by the defendant, acknowledging the receipt of the sum of $264·38, from Patterson, " for rent in advance from this date "; also a quitclaim deed from Bradburn to the plaintiff, dated the 18th of January 1836, whereby he re-

Stone
v.
Knight.

leased and quitclaimed all his right and title to the land and buildings.

The plaintiff then called J. B. French, as a witness, who testified, that in the autumn of 1835, the defendant stated, that he had omitted to mention to the plaintiff, that he had received the money in advance, and, therefore, he supposed the plaintiff or somebody would have a claim upon him, and that he meant to have sold the property subject to what money he had received in advance.

The defendant contended, that the plaintiff could not maintain the action :

1. Because if it could be maintained at all, it should have been brought in the name of the plaintiff and Bradburn, and not by the plaintiff alone.

2. Because it was an attempt to try a question of warranty, or deceit, or covenant broken, in an action for money had and received.

The judge, intending to reserve these questions for the whole Court, ruled in favor of the plaintiff on both points.

The jury returned a verdict for the plaintiff, for the sum of $ 318·04, being the amount received by the defendant with interest.

If the ruling was right, the verdict was to stand ; otherwise a nonsuit was to be entered.

*Oct.* 16th.    *Knowles* and *Locke*, for the defendant.

*Smith*, for the plaintiff, cited *Arms* v. *Ashley*, 4 Pick. 71 ; *Heard* v. *Bradford*, 4 Mass. R. 326.

*Oct.* 18th.    SHAW C. J. delivered the opinion of the Court.   Upon the facts stated, we give no opinion whether, if the plaintiff has any remedy, it must not be in a joint action by himself and Bradburn.   If the right to the money claimed, vested in the plaintiff and Bradburn, the subsequent transfer by Bradburn could not enable the plaintiff to sue alone ; it would be but the assignment of a chose in action.   And if any such right existed, it would seem to be founded either on the agreement of the 23d of April, 1835, or on the deed given in pursuance of it, on the 25th of May, 1835, in both of which Bradburn was a party jointly with the plaintiff.

But upon the other ground, the Court are of opinion, that

this action for money had and received cannot be maintained. The money received by the defendant was received as rent in advance, on a lease of an estate, which he then owned, and the money was received rightfully to his own use. If, at the time of the subsequent agreement of the defendant to sell the estate to the plaintiff, it was the intention of the parties, that money already received by the vendor, as rent in advance, should be paid to the vendee as part of the subject matter of the purchase, the right and the remedy must be sought for in the contract itself. Or, if the vendee was misled and deceived into the belief that the rent was due and payable from the time of the purchase, when in fact it had been paid in advance, his remedy must be on the warranty or misrepresentation. But we think it cannot be maintained, that money received by the defendant, to his own use, at the time, as rent of his own estate, in advance, can be considered as money had and received to the use of one who may afterwards purchase the estate before the expiration of the period, for which the rent has been advanced. The accruing rents, of course, pass to the purchaser, as incident to the reversion. But rents received in advance, are in the nature of an incumbrance, to be provided for in the terms of the contract of sale.

In the cases cited, the money was legally or equitably the plaintiff's, when received by the defendant.

In *Heard* v. *Bradford*, the defendant had been paid by the plaintiff, the freight of a captured vessel. Afterwards an allowance for the same freight had been awarded to the defendant by the commissioners under the British treaty, and paid by the British government ; and it was held, that it was received equitably for the benefit of the plaintiff, upon which equitable consideration the law raised an implied promise to pay it, as money had and received to the plaintiff's use.

So in *Arms* v. *Ashley*, 4 Pick. 71, the defendant, at the time of the receipt of the rents, was trustee for the plaintiff.

*Verdict set aside and plaintiff nonsuit.*